UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENISE SLATER AND ANDREW SLATER, AS PARENTS AND NEXT FRIEND OF ROBERT SLATER, A MINOR
Plaintiffs

v. C.A. No. 06-527ML

EXETER-WEST GREENWICH REGIONAL SCHOOL DISTRICT
Defendant

**ANSWER OF DEFENDANT, EXETER-WEST GREENWICH REGIONAL SCHOOL DISTRICT**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Neither admitted nor denied as Defendant has no knowledge of the facts alleged. Otherwise, denied.

8. Admitted.

9. Admitted that Bobby was evaluated by Dr. Emerson, a neuropsychologist. Otherwise, denied.

10. The allegation is improper as it seeks to solicit a response that would require

the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

11. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

12. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

13. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

14. The facts alleged in the first sentence of paragraph 14 of the Complaint are admitted. The remaining allegations in paragraph 14 are improper as they seek to solicit a response that would require the Defendant to accept as fact the opinions expressed in the allegation. Otherwise, denied.

15. Specifically denied that the Defendant provided Orton-Gillingham reading instruction "only beginning in February 2006". Otherwise admitted.

16. Admitted that Mr. Buco testified to this effect. However, Defendant does not admit that the opinions expressed by Mr. Buco are facts. Otherwise, denied.

17. Admitted that Mr. Buco testified to this effect. However, Defendant does not admit that the opinions expressed by Mr. Buco are facts. Otherwise, denied.

18. Admitted that Mr. Buco testified to this effect. However, Defendant does

not admit that the opinions expressed by Mr. Buco are facts. Otherwise, denied.

19. Admitted that Mr. Buco testified to this effect. However, Defendant does not admit that the opinions expressed by Mr. Buco are facts. Otherwise, denied.

20. Admitted that Mr. Buco testified to this effect. However, Defendant does not admit that the opinions expressed by Mr. Buco are facts. Otherwise, denied.

21. Admitted.

22. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

23. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

24. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

25. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

26. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

27. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

28. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

29. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

30. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

31. Admitted.

32. Admitted that Ms. McWeeney testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. McWeeney are facts. Otherwise, denied.

33. Admitted that Ms. McWeeney testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. McWeeney are facts. Otherwise, denied.

34. Admitted that Ms. McWeeney testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. McWeeney are facts. Otherwise, denied.

35. Admitted.

36. Admitted that Ms. Sherman testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Sherman are facts. Otherwise, denied.

37. Admitted that Ms. Sherman testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Sherman are facts. Otherwise, denied.

38. Admitted.

39. Admitted.

40. Denied.

41. Denied.

42. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

43. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

44. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

45. Denied.

46. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Emerson. Otherwise, denied.

47. Admitted.

48. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Imber. Otherwise, denied.

49. Admitted.

50. Denied.

51. The allegation is improper as it seeks to solicit a response that would require

the Defendant to accept as fact the opinions expressed by Dr. Imber. Otherwise, denied.

52. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Imber. Otherwise, denied.

53. The allegation is improper as it seeks to solicit a response that would require the Defendant to accept as fact the opinions expressed by Dr. Imber. Otherwise, denied.

54. Admitted.

55. Neither admitted nor denied as the allegation as posed couches predictions as facts. Otherwise, denied.

56. Denied.

57. Admitted.

58. Denied.

59. Admitted that Ms. Sherman testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Sherman are facts. Otherwise, denied.

60. Defendant admits that the parents rejected Defendant's proposed IEP Plan and that they requested the Defendant to place Bobby in private school with specialized reading instruction. Otherwise denied.

61. Admitted.

62. Admitted that in August of 2006, the Plaintiffs placed Bobby at the Wolf

School. The remaining facts alleged in paragraph 62 of the Complaint are beyond the knowledge of Defendant and are therefore denied.

63. The facts alleged in paragraph 63 of the Complaint are beyond the knowledge of the Defendant and therefore denied.

64. Admitted.

65. Denied.

66. To the extent that Plaintiffs accurately quote selective excerpts from the Hearing Officer's Decision, the Defendant does not dispute that the quoted language formed a part of the Hearing Officer's Decision. However, as to the manner in which these selective quotations are set forth as allegations of fact to be admitted or denied by the Defendant, Defendant objects that this is an improper pleading. To the extent that the Plaintiffs seek to have the Defendant admit as fact the selected excerpts of the Hearing Officer's Decision pertaining to the Plaintiff's opinions and arguments, those allegations otherwise are denied.

67. To the extent that Plaintiffs accurately quote selective excerpts from the Hearing Officer's Decision, the Defendant does not dispute that the quoted language formed a part of the Hearing Officer's Decision. However, as to the manner in which these selective quotations are set forth as allegations of fact to be admitted or denied by the Defendant, Defendant objects that this is an improper pleading.

68. To the extent that Plaintiffs accurately quote selective excerpts from the Hearing Officer's Decision, the Defendant does not dispute that the quoted language formed a part of the Hearing Officer's Decision. However, as to the manner in which

these selective quotations are set forth as allegations of fact to be admitted or denied by the Defendant, Defendant objects that this is an improper pleading.

69. Denied.

70. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

71. Admitted that Ms. Smith testified to this effect. However, Defendant does not admit that the opinions expressed by Ms. Smith are facts. Otherwise, denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

COUNT I

78. Defendant incorporates by reference its answers to the allegations in Plaintiffs' Complaint ¶¶1 through 77, as if set forth in full herein.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

COUNT II

85. Defendant incorporates by reference its answers to the allegations in Plaintiffs' Complaint ¶¶1 through 84, as if set forth in full herein.

86. Neither admitted nor denied as the allegation improperly calls for a conclusion of law. Otherwise denied.

87. Admitted.

88. Admitted.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

**WHEREFORE**, Defendant requests that the Plaintiffs' Complaint be dismissed and denied, that the Court enter judgment in favor of the Defendant and award the Defendant its costs and attorneys' fees and provide such other and further relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Defendant pleads the affirmative defense of waiver in regard to the parents' unilateral decision to place Bobby at the Wolf School.

Exeter-West Greenwich Regional School District
By its Attorneys,

/s/ Kevin J. McAllister, Esquire #2641
/s/ Andrew Henneous, Esquire #5935
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
401-453-2300 (phone)
401-453-2345 (fax)

CERTIFICATION

I hereby certify that I mailed a copy of the within Answer of Defendant, Exeter-West Greenwich Regional School District, on the 29th day of December, 2006 to:

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

**Jeffrey M. Sankey**
jsankey@dolanconnly.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

(No manual recipients)

/s/ Kevin J. McAllister, Esquire

P:\Active Clients\BMS files\EXETER WEST GREENWICH\SPECIAL EDUCATION\Robert S\Answer to Cmp 12.29.06.wpd